# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OILDALE MUTUAL WATER COMPANY, | CASE NO. 1:13-cv-02054-AWI-JLT |
| Plaintiff, | |
| vs. | **ORDER GRANTING STIPULATED PROTECTIVE ORDER AS MODIFIED BY THE COURT** |
| CROP PRODUCTION SERVICES, INC., et al., | **(Doc. 22)** |
| Defendants. | |

**1.   PURPOSE AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Court issues the following Protective Order Regarding Confidential Information. This Protective Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information that is entitled to confidential treatment under the applicable legal principles. This Protective Order does not entitle the parties to file confidential information under seal; however, this Protective Order is not intended to limit the parties' from taking appropriate steps to file documents under seal.

- 1 -

<u>Any requests to file documents under seal SHALL comply with Local Rule 141.</u>

**2.   DESIGNATING CONFIDENTIAL INFORMATION**

2.1   For purposes of this Protective Order, "CONFIDENTIAL INFORMATION" is information, designated as such in accordance with the provisions herein, that the designating party in good faith believes contains personal, commercial, financial, proprietary, or other confidential information.  Such CONFIDENTIAL INFORMATION includes but is not limited to information that:

a.   Disclosure of which would violate a personal, financial, proprietary or other interest protected by law.

b.   Disclosure of which would reveal:

(i)   the physical address or geographic location of public drinking water wells, storage facilities, pumping stations and water treatment facilities;

(ii)   water system schematics and facility maps;

(iii)   pipeline maps;

(iv)   facility plans and specifications;

(v)   water system vulnerabilities that have not been publicly disclosed;

(vi)   water system hydraulics or operational practices;

(vii)   emergency operations and response plans;

(viii)   water system security plans, practices and/or precautions, including planned security enhancements; or

(ix)   personal information about employees, such as home phone numbers, mobile phone numbers and home addresses.

2.2   CONFIDENTIAL INFORMATION protected by this Protective Order shall not include information that is:

a.   Lawfully received by a party from a source other than the party asserting the claim of confidentiality; or

PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

      b.      Public knowledge or information, or information that becomes public after disclosure other than through an act or omission of a person or entity receiving or maintaining the information designated as confidential.

    2.3     Information may only be designated "CONFIDENTIAL INFORMATION" if it has been reviewed by an attorney and if that attorney concludes in good faith that the information is entitled to confidentiality as defined in section 2.1.

    2.4     <u>Produced Documents</u>. A party producing a document in formal or informal discovery that it, in good faith, believes constitutes or contains CONFIDENTIAL INFORMATION subject to the foregoing provisions shall produce a copy of such document with a label that states "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" on the face of each page of the document. As used herein, the term "document" includes all writings, electronically stored information and tangible things subject to production under Federal Rule of Civil Procedure 34(a)(1). Any party receiving a document labeled as CONFIDENTIAL INFORMATION is responsible for maintaining the document as CONFIDENTIAL INFORMATION pursuant to this Protective Order.

    2.5     <u>Written Discovery</u>. If a party responding to an interrogatory or other written discovery believes that its response contains CONFIDENTIAL INFORMATION, it shall set forth its response in a separate document that is produced and designated as CONFIDENTIAL INFORMATION in the same manner as a produced document under section 2.4. The non-designated responses should make reference to the separately produced document containing the responses with CONFIDENTIAL INFORMATION, but such document should not be attached to the non-designated responses.

    2.6     <u>Deposition Transcripts</u>. Unless otherwise agreed to by the parties or ordered by the Court, within 30 days after the receipt of a deposition transcript (or if the transcript is received within 30 days of the date set for the beginning of trial, within half of the number of days remaining before the date set for the beginning of trial), a party may inform the other parties to the action of the portions of the transcript that it wishes to designate as CONFIDENTIAL

PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

1  INFORMATION.  Until such time has elapsed, deposition transcripts in their entirety are to be
2  considered as CONFIDENTIAL INFORMATION.  All parties in possession of a copy of a
3  designated deposition transcript shall appropriately mark the transcript cover and the designated
4  pages as containing CONFIDENTIAL INFORMATION.

5      2.7     <u>Information Designated "Confidential" in Other Litigation</u>.  A party responding to
6  discovery shall not withhold or object to the production of information in its possession, custody
7  or control on the grounds that such information is or may be subject to a confidentiality or
8  protective order entered in another proceeding, unless the information in question (a) was
9  designated "confidential" in such other proceeding by an entity other than the responding party
10 and (b) remains subject to the confidentiality or protective order in the other proceeding, in
11 which case the responding party may withhold the information, but shall provide the requesting
12 party with the identity of the entity that designated the information "confidential," a description
13 of the information sufficiently detailed to enable the requesting party to obtain such information
14 directly from the designating entity, and a copy of the confidentiality or protective order upon
15 which the "confidential" designation is based.

16     2.8     <u>Designating Certain Electronically Stored Information</u>.  The parties shall
17 cooperate as necessary to establish specific procedures, as needed, to protect the confidentiality
18 of any electronically stored information that may be produced.  The failure to affix a
19 "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" label on any electronic file shall
20 not prevent a party from asserting that such files contain CONFIDENTIAL INFORMATION or
21 that it may be subject to a claim of attorney-client privilege or protection as work product.

22     2.9     <u>Original documents made available for inspection</u>.  Documents made available for
23 inspection do not need to be marked individually with a "CONFIDENTIAL" or
24 "CONFIDENTIAL INFORMATION" label.  Rather, if a party, after its inspection, requests
25 copies of some or all of the documents made available for inspection, the producing party shall
26 have an opportunity to review those requested documents and affix a "CONFIDENTIAL" or
27 "CONFIDENTIAL INFORMATION" label to them prior to production.
28

PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

**3.     CHALLENGING CONFIDENTIALITY DESIGNATIONS**

   3.1     <u>Timing of Challenges</u>. Any party or non-party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

   3.2     <u>Meet and Confer</u>. The party challenging a designation of CONFIDENTIAL INFORMATION shall advise the designating party in writing of its desire to meet and confer regarding the disputed designation(s).  The challenging and the designating parties shall then promptly meet and confer in an attempt to resolve their differences.  If the designating and challenging parties are unable to resolve their differences after a good faith effort to meet and confer, then the challenging party shall provide to the designating party written notice (hereinafter "Notice of Objection") that the challenging party is not satisfied with some or all of the results of the meet and confer.  The Notice of Objection provided by the challenging party shall set forth clearly which confidential designations are in dispute and a brief summary of the challenging party's arguments as to why such documents should not be treated as confidential.  Within twenty-one (21) days of receiving the Notice of Objection from the challenging party, the designating party shall file with the Court a motion to retain confidentiality on the documents at issue.  All disputed transcripts, documents or discovery materials shall remain as CONFIDENTIAL INFORMATION unless and until the Court rules otherwise.  The designating party shall have the burden to show that the information at issue justifies the CONFIDENTIAL INFORMATION designation and treatment.  If the designating party does not file a motion with the Court to retain confidentiality with respect to the documents at issue within twenty-one (21) days from its receipt of the Notice of Objection, the designating party shall be deemed to have withdrawn its confidential designation as to those documents at issue and, as to those documents, shall then provide a copy of the previously designated documents without the CONFIDENTIAL

1  INFORMATION designation to each party to whom the previously designated documents were
2  originally produced.
3  <u>In advance of the filing of *any* motion related to the confidentiality of records, the parties
4  SHALL comply with the scheduling order (Doc. 17 at 4) which requires a telephonic conference
5  with the Court and counsel.</u>
6  **4.    ACCESS TO AND USE OF CONFIDENTIAL INFORMATION**
7        4.1    <u>Authorized Disclosures</u>. Unless otherwise agreed by the parties or ordered by the
8  Court, CONFIDENTIAL INFORMATION shall be disclosed by the receiving party only to the
9  following persons:
10       a.    Attorneys of record in this proceeding, including their necessary associates,
11             paralegals, clerks, and secretarial and clerical personnel;
12       b.    In-house counsel and their staff and those employees of a party designated by in-
13             house counsel to assist with the prosecution or defense of the included actions;
14       c.    Qualified persons taking testimony involving such information, and necessary
15             stenographic, videotape and clerical personnel;
16       d.    Trial experts, expert consultants and their staffs, and e-discovery vendors who are
17             consulted or retained by counsel for a receiving party;
18       e.    Deponents and witnesses who already know the CONFIDENTIAL
19             INFORMATION being disclosed (as confirmed through counsel in advance of
20             any disclosure to the deponent or witness and/or as demonstrated by the deponent
21             or witness being clearly shown as an author or prior recipient of the
22             CONFIDENTIAL INFORMATION on the face of the document to be disclosed);
23       f.    Discovery masters or settlement judges appointed by the Court or agreed to
24             between the parties, who are engaged in proceedings connected with this action,
25             and personnel regularly employed by them;
26       g.    The Court, Court staff and other personnel before whom this proceeding and/or
27             any related action is pending.
28

PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

1  A party may provide CONFIDENTIAL INFORMATION to authorized persons
2  designated in sections 4.1(d) and 4.1(f) above only if such persons first acknowledge in writing
3  that they have read this Protective Order and agree to be bound by its terms.  (A form of such
4  acknowledgment is attached hereto as Exhibit A.)  Such written acknowledgment shall not be
5  discoverable in this proceeding or any action included therein.  Each party takes responsibility
6  for ensuring that all authorized recipients of CONFIDENTIAL INFORMATION are informed of
7  and agree to this Protective Order.  Any disclosures under this section are authorized only to the
8  extent necessary to prosecute or defend this litigation.

9  4.2  Unauthorized Disclosures. If CONFIDENTIAL INFORMATION is disclosed to
10 any person other than in the manner authorized by this Protective Order, and the party or person
11 responsible for the disclosure, or any other party or person who is subject to this Order learns of
12 such disclosure (including without limitation all employees, officers, directors, agents and
13 attorneys of each party to this lawsuit), then such party or person shall immediately bring such
14 disclosure to the attention of the designating party.  Without prejudice to other rights and
15 remedies of the designating party, the responsible party or person shall make every reasonable
16 effort to obtain the return of the CONFIDENTIAL INFORMATION and to prevent further
17 disclosure on its own part or on the part of the person who was the unauthorized recipient of such
18 information.

19 4.3  Court Filings. To the extent that CONFIDENTIAL INFORMATION is contained
20 in or attached to materials filed with the Court, such materials shall be filed under seal.  No one,
21 other than the Court, its agents and employees, and persons authorized by this Protective Order
22 or any subsequent order of the Court or agreement of the parties, shall have access to such sealed
23 materials.

24 <u>Any requests to file documents under seal SHALL comply with Local Rule 141.</u>

25 **5.  USE OF CONFIDENTIAL INFORMATION AT TRIAL**

26 CONFIDENTIAL INFORMATION, which is subject to this Order and deemed
27 admissible as trial evidence by the Court, may be marked and used as trial exhibits by a party
28

according to the terms imposed by the Trial Court upon the request of a designating party at time of trial.  It is the intent of the parties hereto that CONFIDENTIAL INFORMATION will not be disclosed or available to any other parties or third persons, other than authorized disclosures as stated in section 4.1 above, without the consent of the designating party and/or the Court.

**6.     RETURN OF CONFIDENTIAL INFORMATION AFTER FINAL DISPOSITION**

Each receiving party must return all CONFIDENTIAL INFORMATION or destroy such material within forty-five (45) days after final disposition of the lawsuit, as defined in section 9 below.  Notwithstanding this provision, counsel are entitled to retain an archival copy of all pleadings, motion papers, legal memoranda, correspondence, expert reports, attorney work product, and consultant and expert work product, even if such material contain CONFIDENTIAL INFORMATION.  Any such archival copies that contain or constitute CONFIDENTIAL INFORMATION remain subject to this Protective Order.

**7.     CONFIDENTIAL INFORMATION SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a receiving party is served with a subpoena, request or court order issued in other litigation that compels disclosure of any information or items designated in this action as CONFIDENTIAL INFORMATION, that party must:

    a.    Promptly notify in writing the designating party, including a copy of the subpoena, request or court order;

    b.    Promptly notify in writing the party seeking the CONFIDENTIAL INFORMATION that some of the requested information is subject to this Protective Order, and provide a copy of this Protective Order; and

    c.    Cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose CONFIDENTIAL INFORMATION may be affected.

If the designating party timely seeks a protective order, the party served with the subpoena, request or court order shall not produce any information designated in this action as CONFIDENTIAL INFORMATION before a determination by the court from which the

subpoena, request or order issued, unless the party has obtained the designating party's permission.  The designating party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.

**8.    INADVERTENT DISCLOSURE OR PRODUCTION**

The inadvertent production of any privileged or otherwise protected or exempted information, as well as the inadvertent production of information without an appropriate designation of confidentiality, shall not be deemed a waiver or impairment of any claim of privilege, protection or confidentiality, including but not limited to the attorney-client privilege, the protection afforded to work product materials or the subject matter thereof, or the confidential nature of any such information.  If CONFIDENTIAL INFORMATION is inadvertently produced, the producing party may notify any party that received such information of the inadvertent production claim and the basis for it.  The producing party must then re-produce the document(s) with a label that states "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" on the face of each page of the document(s), and the receiving party must return, sequester, or destroy copies of the document(s) that do not contain a "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" label and, if the receiving party disclosed the document(s) before being notified, it must take reasonable steps to retrieve non-labeled copies of the document(s).  If the receiving party seeks to challenge whether the producing party's re-designation of the document(s) as CONFIDENTIAL INFORMATION is justified, such a challenge shall follow the procedures set forth in Section 3.2 above.  If attorney-client privileged information or work product material is inadvertently produced, the party making the claim of inadvertant production may notify any party that received such information of the inadvertant production claim and the basis for it.  After being notified of a party's claim of inadvertant production, a receiving party must promptly return, sequester, or destroy the specified information and any copies it has or has distributed to others and may not use or disclose the

PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION

information until the claim is resolved.  If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it.  The party who made the inadvertant production claim must preserve the information until the claim is resolved. The producing party may then, if necessary, move the Court for an order compelling return of the material.  Any analyses, memoranda or notes which were internally generated based upon such inadvertently produced information shall immediately be treated in conformance with the protected nature of the information.  Also, the parties agree that if they locate clearly privileged communications of the opposing party, they will promptly provide written notice to the opposing party of such a discovery.

**9.     DURATION**

Even after final disposition of this lawsuit, the confidentiality obligations imposed by this Protective Order shall remain in effect until a designating party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.  The Court shall retain jurisdiction to resolve any dispute concerning this agreement or the CONFIDENTIAL INFORMATION even after final disposition of this lawsuit.

## ORDER

Based upon the stipulation of counsel, the Court **ORDERS:**

1.  The stipulated protective order, as modified by the Court in paragraphs 1, 3.2 and 4.3, is **GRANTED**.

IT IS SO ORDERED.

Dated:   **May 15, 2014**                              **/s/ Jennifer L. Thurston**
                                                                              UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Protective Order Regarding Confidential Information that was issued by the United States District Court for the Eastern District of California on _____ [date] in the case of *Oildale Mutual Water Company v. Crop Production Services, Inc., et al.*, Case No. 1:13-cv-02054-AWI-JLT.  I agree to comply with and to be bound by all the terms of this Protective Order, and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Protective Order to any person or entity except in strict compliance with the provisions of this Protective Order.  I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Protective Order, even if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

EXHIBIT A
[PROPOSED] PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION